(No. 3340—)

JOHN W. HAASE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1939.*

TRIMBORM & BABB, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant was involved in an automobile accident on July 27, 1938 on Mannheim Road near Touhy Avenue in Cook County. His complaint recites that while exercising all due care and caution for his own safety and that of others lawfully upon the highway, one Fred Bowen then operating a

State-owned truck assigned to the State Military Division, so carelessly, negligently and unlawfully operated such truck that he caused same to collide with claimant's car. That as a result of such accident claimant suffered cuts, bruises and broken bones and was unable to attend to his duties for a period of nine weeks for which he expended Fifty ($50.00) Dollars for medical treatment and lost Five Hundred Eighty-five ($585.00) Dollars in wages; further, that his motor vehicle was damaged to the extent of One Hundred Ninety ($190.00) Dollars; that said accident was caused by said Bowen failing to come to a full and complete stop at the stopsign then and there erected at the crossing at Mannheim Road, and because said truck was traveling at a high and dangerous rate of speed and being then and there operated with faulty brakes.

The Attorney General has filed a motion to dismiss the complaint because same is predicated upon alleged negligent and wrongful conduct of an agent or servant of respondent, and that there is no law by which the latter could be held to respond in damages for the negligent and tortious acts of such agent or servant. The law has been definitely settled and this court has frequently held that,

"In the organization, maintenance, operation and training of the Illinois National Guard the State is engaged in a governmental function and is not liable for the negligent or wrongful acts of its officers, agents, servants, employees or members of the Illinois National Guard."

Peterson vs. State, 8 C. C. R. 9;
Curry vs. State, 9 C. C. R. 6.

No recovery could be authorized upon the facts stated in the complaint and the motion of the Attorney General is therefore hereby allowed. Claim dismissed.